# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

SHURUNDA THOMPSON,

      Plaintiff,

vs.                                CASE NO. 3:11-cv-1048-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.[1]

_____

## ORDER AND OPINION

      This case is before the Court on Plaintiff's complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff proceeded in the underlying administrative phase of this case on a *pro se* basis and continues to pursue this matter without benefit of legal counsel. Therefore, Plaintiff's pleading and other filings with this Court have been afforded liberal construction in accordance with prevailing precedent. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (complaints of *pro se* litigants must be construed more liberally than formal pleadings drafted by lawyers).

      Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated February 1, 2012 (Doc. 15). The Commissioner has filed a transcript of the underlying

_____

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number).   For the reasons set out herein, the Commissioner's decision is **REVERSED** and the case is **REMANDED** for additional proceedings.

## I. Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning January 1, 2008 (Tr. 140-77). Plaintiff's applications were denied initially and upon reconsideration (Tr. 77-80, 87-104). Plaintiff requested an administrative hearing, which was held on July 29, 2010 (Tr. 30-76). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on December 16, 2010 (Tr. 10-22).   Plaintiff filed a request for review, which the Appeals Council denied on October 5, 2011 (Tr. 1-5).  Plaintiff filed the instant action on October 24, 2011 (Doc. 1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months.   42 U.S.C. § 1382c(a)(3)(A).   The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.   *See* 20 C.F.R. §§ 404.1520, 416.920[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).   First,

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition. As the regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

if a claimant is engaging in substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(g).  A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In the instant case, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through June 30, 2013 (Tr. 15).  At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date.  *Id.*  At step two, the ALJ found Plaintiff suffered from the following severe impairments: bilateral hearing loss; anemia; back pain; posttraumatic stress disorder; depression; and mixed personality disorder.  *Id.*  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 17).  At step four, the ALJ found Plaintiff had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following limitations:

3

> The claimant can occasionally lift 50 pounds and frequently lift 20 pounds, same for carrying.  She can stand, sit, and walk 6 hours in an 8-hour day with normal breaks.   The claimant has unlimited pushing and pulling; can occasionally climb ropes, ladders, and scaffolds.  She can frequently climb ramps and stairs, balance, stoop, crouch, kneel, and crawl.  The claimant needs to avoid concentrated exposure to noise.  She also has decreased hearing in the right ear and needs to face or be close to the person talking.  Mentally, the claimant has moderate restrictions in the ability to maintain attention and concentration for extended periods, to work in coordination with or proximity to others without being distracted by them, and to complete a normal work day/week with without [sic] interruption from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  She also has moderate restrictions in her ability to interact appropriately with the general public and accept instruction and respond appropriately to criticism from supervisors.  Despite these moderate mental restrictions, she can sustain simple tasks; get along with co-workers; and adapt to work settings/changes and avoid hazards.

(Tr. 19).  Considering this RFC, the ALJ found that Plaintiff was able to perform her past relevant work as a kitchen helper (Tr. 21).  Therefore, the ALJ found that Plaintiff was not under a disability from January 1, 2008 through the date of his decision.  *Id.*

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

4

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the

relevant medical and other evidence establishing disabling physical or mental functional limitations.  20 C.F.R. § 404.704.

## IV. Analysis

Upon review and consideration of the ALJ's decision and the record evidence, the Court finds the ALJ erred in evaluating the medical opinion evidence and as a result the ALJ's RFC assessment and step four finding are not supported by substantial evidence.

The ALJ must base his RFC assessment on "*all* of the relevant evidence in the case record."  SSR 96-8p, 1996 WL 374184 at *5 (S.S.A. 1996) (emphasis added); *see also Nguyen v. Chater*, 172 F.3d 31, 34 (1st Cir. 1999) (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations).  Social Security Ruling 96-8p further provides, "The adjudicator must consider all allegations of physical and mental limitations or restrictions."  *Id.*

The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d at 1440.  An ALJ must consider and evaluate every medical opinion received.  20 C.F.R. § 404.1527 ("Regardless of its source, we will evaluate every medical opinion we receive.").  Additionally, in assessing the medical evidence, the ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor."  *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).  In *Winschel v. Commissioner of Social Security,* 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a

claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id.* at 1179 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a) (2); *Sharfarz,* 825 F.2d at 279).   Thus, while it is true the determination of disability under the Social Security Act is reserved to the Commissioner, the ALJ is nevertheless required to consider and explain the weight given to opinions of medical doctors, including examining consulting physicians.  *See McCloud v. Barnhart*, 166 Fed. Appx. 410, 419 (11th Cir. 2006)[3] (remanding where ALJ did not explain weight given to consulting psychologist's report or the reasons for discrediting his opinion); *Kline-Parris v. Astrue*, No. 1:10-cv-111-MP-GRJ, 2011 WL 4375047, at *13-14 (N.D. Fla. Aug. 18, 2011) (holding ALJ erred by ignoring and failing to discuss opinion of non-examining consulting physician).  Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent.  In determining the weight accorded to the opinion of an examining physician who conducts a consultative examination of a plaintiff, the opinion of an examining physician is usually given more weight than the opinion of a non-examining physician.  *Id.*; *see also Preston v. Astrue,* No. 2:09–cv–0485–SRW, 2010 WL 2465530, at *6 (M.D.Ala. June 15, 2010) ("The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists.").

---

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

In the instant case, the ALJ stated he gave "great weight" to the conclusions of the non-examining state agency physicians.  However, he failed to state with particularity the weight given to the medical opinions provided by the examining physicians, as well as Plaintiff's treating physicians.  The record contains several reports from examining and treating sources that constitute as a medical opinions, because they contain statements reflecting judgments about the nature and severity of Plaintiff's impairments, including symptoms, diagnosis, and prognosis, what Plaintiff can still do despite her impairments, and her mental restrictions.  *See Winschel,* 631 F.3d at 1179; 20 C.F.R. § 404.1527(a)(2).  Thus, the ALJ was required to "state with particularity" the weight given to these opinions.  *Sharfarz*, 825 F.2d at 279.  Without the ALJ stating the specific weight given to different medical opinions *and the reasons therefor*, it is impossible for a reviewing court to determine whether the ultimate decision is supported by substantial evidence.  *See, e.g.*, *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985).

In very limited circumstances, the failure of an ALJ to state the weight given to the medical opinion evidence from a physician may be harmless error.  *See Caldwell v. Barnhart,* 261 Fed. Appx. 188, 191 (11th Cir. 2008) (holding ALJ's failure to discuss weight given to examining physician constituted harmless error where limitations assessed by physician would not affect plaintiff's ability to perform job cited by VE; ALJ's failure to discuss weight given to examining psychologist constituted harmless error where opinion did not contradict the ALJ's finding and was substantially similar to that of another doctor whose opinion was given substantial weight);  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001) (holding ALJ's failure to discuss a physician's opinion constituted harmless error where the ALJ had attributed limitations of the claimant that

were consistent with the doctor's opinion). In this instance, however, the weight afforded the medical opinions could very well make a difference in Plaintiff's assessed RFC and in the ALJ's step four determination.[4]

At the hearing, the ALJ asked three hypothetical questions of the VE. In the first hypothetical, the ALJ adopted the physical restrictions found by non-examining state agency physician Dr. Donald Morford, M.D. (Tr. 423-430; Ex. 15F) and the mental restrictions found by the non-examining state agency physician Dr. Jane Cormier, Ph.D. (Tr. 405-421; Exs. 13F-14F). Specifically, the ALJ asked, in pertinent part:

> Let's assume the individual has moderate restrictions in the ability to attain attended concentration for extended periods; to work in coordination with or approximate two [sic] others without being distracted by them; completing a normal work day and work week without interruption from psychological based symptoms, and they can perform a consistent pace without an unreasonably [sic] number length of rest periods; to interact appropriately with the general public; to accept instruction or respond appropriately to criticism from supervisors.
>
> Those are the primary restrictions, looking at page 3 of the Functional Capacity Assessment, this person is still able to understand and recall simple and detailed instructions and of sustaining attention for at least simple tasks. This person would be easily distracted when in close proximity of others; this person may have difficulty working closely with the public.
>
> This person also may have difficulty accepting instruction but appears capable of interacting appropriately with others and co-workers as so motivated. This person is able to respond to changes in the work environment and in recognizing and respond to most work hazards. Overall this person appears generally capable of performing routine, repetitive tasks on a sustained and independent basis on a socially appropriate manner.

(Tr. 67-68). The ALJ asked the VE if a person with those physical and mental restrictions would be able to perform any jobs in the national economy, considering past relevant work

---

[4] As stated previously, the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

(Tr. 68).  The VE responded Plaintiff's past relevant work of kitchen helper would fit within the hypothetical.  *Id.*

For the second hypothetical, the ALJ added a restriction with regard to decreased hearing in the right ear, such that the person would need to be facing and fairly close to the person to whom she is talking (Tr. 68-69).  The VE responded that the answer would be the same, and the position of kitchen helper would fit (Tr. 69).

For the third hypothetical, the ALJ adopted the mental restrictions found by Dr. Elizabeth Michalec, Ph.D., an examining consulting psychologist (Tr. 402-03; Ex. 12F). The ALJ asked:

> Let's assume the person can understand and follow simple directions, perform simple tasks independently, difficulty maintaining attention concentration, this person has flash backs involving domestic violence, and has panic attacks.
>
> This person does not appear able to maintain a regular schedule then it says currently in addition to the regular schedule she is maintaining in terms of caring for her children in the home, so difficulty in maintaining a work schedule. That's my interpretation of what they're saying there.  She can do her schedule at home, but she has trouble doing her schedule at work.
>
> This person is able to learn new tasks after emotional stabilization however difficulty at this point [sic].  She could perform complex tasks independently in the past and is functioning adequately through the care for the children and the immediate basic needs for herself in terms of appropriate decisions but after stabilization, she could probably learn new tasks as well as perform complex tasks independently.
>
> She appears able to relate adequately with others although she has been very socially isolated for quite some time.  This person can deal with stress in an appropriate manner, poor concentration and sometimes confusion.  I think those are the primary restrictions; with those restrictions, any jobs in the regional national economy such a person could perform?

(Tr. 69-70).  The VE responded that there were no jobs such a person could perform (Tr. 70).   The VE testified that "the inability to perform a regular schedule and the poor

concentration" were the two main restrictions that were the most significant from a vocational standpoint.  *Id.*

Thus, the VE testified the limitations assessed by Dr. Michalec would preclude employment.  Dr. Michalec's assessment is consistent with that of Dr. Walls, another examining psychologist whose opinion the ALJ failed to properly evaluate.  Dr. Walls found Plaintiff to be capable of following, understanding, and remembering simple instructions and directions; capable of performing simple tasks independently; capable of maintaining attention and concentration for simple tasks; capable of learning new simple tasks; and capable of making appropriate routine decisions (Tr. 363).  However, Dr. Walls noted Plaintiff "cannot regularly attend to a routine and maintain a schedule due to emotional liability."  *Id.*  If the ALJ discredited Dr. Michalec's and Dr. Walls' opinions in rendering his decision, as it appears he did, he failed to provide his reasoning.  An ALJ may not adopt the findings of a non-examining state agency physician over those of an examining physician without explanation. *See Sharfarz*, 825 F.2d at 279   ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence.").  This is particularly troubling because the VE testified the limitations assessed by Dr. Michalec and Dr. Walls would preclude employment.

Therefore, not only did the ALJ fail to state with particularity the weight given to Dr. Michalec's and Dr. Walls' opinions, he also ignored and failed to discuss important aspects of the examining psychologists' opinions regarding Plaintiff's functional limitations.  *See Winschel,* 631 F.3d at 1179.  A reviewing court "cannot properly find that [an] administrative decision is supported by substantial evidence" when the ALJ reached his or her conclusion

"by focusing upon one aspect of the evidence and ignoring other parts of the record." *McCruter v. Bowen*, 791 F.2d 1544, 1548 ( 11th Cir. 1986).  "It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *Id.; see also Rogers v. Astrue*, No. 3:10-cv-352-J-TEM, 2011 WL 4346567, at * 8 ( M.D. Fla. Sept. 16, 2011) ("[A]n  ALJ cannot pick and choose from the evidence in order to support his or her conclusions."); *Evans v. Astrue*, No. 309-101, 2011 WL 1636920, at *7 (S.D. Ga. Mar. 29, 2011) (finding error where ALJ relied on parts of consulting physician's report "that supported his decision while ignoring the parts that conflicted with it").  Failure to specify the weight given to evidence contrary to the ALJ's decision, or the reason for giving no weight, has been found to be reversible error.  *See Sharfarz*, 825 F.2d at 279; *Krueger v. Astrue*, No. 2:06-cv-465-Ftm-29SPC, 2008 WL 596780, at *11 (M.D. Fla. Feb. 29, 2008) (quoting *Nyberg v. Comm'r*, 179 Fed. Appx. 589, 590 (11th Cir. 2006)).

Accordingly, the Court finds the ALJ failed to properly evaluate the medical opinion evidence, and as such, the ALJ's decision is not supported by substantial evidence.  As it is impossible for the Court to tell if the ALJ properly considered and weighed all the evidence in the record, this case must be remanded.  *See Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011) (internal citations and quotations omitted) ("Although the ALJ is not required to specifically refer to every piece of evidence in the record, he is required to explain the weight he afforded to obviously probative exhibits."); *Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions).  In making this determination, the Court has declined, as it must,

to re-weigh the evidence in search of support for the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d at 1239; *see also Winschel*, 631 F.3d at 1179 ("[W]hen the ALJ fails to state with at least some measure of clarity the grounds for his decision, [the court] will decline to affirm simply because some rationale might have supported the ALJ's conclusion." (internal quotations omitted)). On remand, the ALJ should specify the weight accorded to the opinion evidence, including any treating and examining physicians, and clearly articulate his reasons for accepting or rejecting those opinions. Upon reconsideration of all medical opinions found in the record, the ALJ shall reassess Plaintiff's residual functional capacity.

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled

within the meaning of the Social Security Act.  *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of March, 2013.


THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All counsel of record
Shurunda Thompson, *pro se* plaintiff